```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LEON ZACHAROWICZ,

                         Plaintiff,                                  **MEMORANDUM and ORDER**

        — against —
                                                                     02 CV 4510 (SLT)(MLO)
NASSAU HEALTH CARE CORPORATION and
NASSAU UNIVERSITY MEDICAL CENTER,

                         Defendants.
-------------------------------------------------------------X
```
**TOWNES, United States District Judge:**

      Plaintiff Dr. Leon Zacharowicz ("Plaintiff" or "Dr. Zacharowicz") brought suit against Nassau Health Care Corporation and Nassau University Medical Center ("Defendants"), alleging discrimination and retaliation under Title VII and the New York Human Rights Law. On June 29, 2005, this Court granted Defendants' motion for summary judgment and dismissed Plaintiff's complaint in its entirety. Plaintiff appealed the dismissal to the United States Court of Appeals for the Second Circuit and in a Summary Order dated April 21, 2006, the Second Circuit upheld this Court's order dismissing the complaint.

      Plaintiff now moves, pursuant to Fed. R. Civ. P. 54(d)(1), to review the costs taxed against him by the Clerk of the Court on July 14, 2006. Specifically, Plaintiff claims that only $3,307.99 of costs should be taxed against him, rather than the $5,314.39 of costs which were taxed against him, because $2006.40 of the taxed costs were not "necessarily incurred" by the Defendants. For the reasons set forth below, Plaintiff's motion is denied.

**BACKGROUND**

Judgment in favor of Defendants was entered in this case on July 5, 2005. On July 22, 2005, attorney for Defendants, Amy L. Ventry, filed a Bill of Costs with this Court, asking the Court to tax costs of $4,629.45 against the Plaintiff. All of these costs were for deposition transcripts, including the transcripts of Dr. Zacharowicz, Dr. Joel S. Delfiner, and Dr. Satish Kadakia. Dr. Leon Zacharowicz is the plaintiff in this action, and his deposition was taken by Ms. Ventry. Dr. Delfiner and Dr. Kadakia were employees of the Defendants at the time of their depositions, and these depositions were taken by Mr. Jeffrey Zuckerman, attorney for Plaintiff. The total cost for these depositions was $4,629.45, with $2,623.05 of that amount incurred for Plaintiff's deposition and $2006.40 incurred for the depositions of Dr. Delfiner and Dr. Kadakia.

After the Second Circuit affirmed the decision of this Court granting summary judgment in favor of the Defendants, the Court of Appeals subsequently taxed costs of $684.94 against the Plaintiffs. On June 2, 2006, Ms. Ventry submitted a second Bill of Costs to this Court. This time she claimed costs of $5,314.39: the original $4,629.45, plus the $684.94 taxed by the Court of Appeals. On July 14, 2006, the Clerk of Court entered an Order taxing the full amount requested by the Defendants. Plaintiff does not dispute $3,307.99 of the costs that have been taxed against him: the $684.94 taxed by the Court of Appeals and $2,623.05 paid by the Defendants for transcripts of Plaintiff's deposition. However, Plaintiff argues that the costs incurred by the Defendants to obtain transcripts of the depositions of Drs. Delfiner and Kadakia were not "necessarily incurred in the case," and therefore should not be taxed against the Plaintiff.

**DISCUSSION**

*A. Taxation of Costs under Rule 54 (d)*

Rule 54(d) of the Federal Rules of Civil Procedure generally governs the taxation of costs against an unsuccessful litigant in federal district court, and decisions to award costs to a prevailing party under Fed. R. Civ. P. 54(d) lie within the sound discretion of the district court. *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995). Pursuant to Rule 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The Rule also states that "[s]uch costs may be taxed by the clerk on one day's notice. On motion served within five days thereafter, the action of the clerk may be reviewed by the court." Fed. R. Civ. P. 54(d)(1).

Under Local Rule 54.1(c)(2), deposition costs are taxable if the depositions were "used or received in evidence at trial" or if they "were used by the court in ruling on a motion for summary judgment or other dispositive motion." U.S. Dist. Ct. Rules S. & E.D.N.Y. Civ. R. ("Local Rule") 54.1(c)(2); *see also Patterson v. McCarron,* No. 99-11078, 2005 WL 735954, at *1 (S.D.N.Y. Mar 30, 2005). After the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, that party enjoys a presumption that its costs will be awarded. *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) ("[T]he losing party has the burden to show that costs should not be imposed."). Because there is no dispute that the deposition costs in this case fall within an allowable category of taxable costs, the presumption is that Defendants' costs will be awarded.

*B. The Deposition Costs were Necessarily Incurred*

Pursuant to 28. U.S.C. § 1924, "before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that services for which fees have been charged were actually and necessarily performed." Mr. Zuckerman argues that the costs incurred by the Defendants to obtain transcripts of the depositions of Drs. Delfiner and Kadakia were not "necessarily incurred in the case" because it was his "standard practice" when taking a deposition of a party to provide a copy of the deposition to the attorney representing the party. Plaintiff claims he sent copies of the Delfiner and Kadakia depositions to Ms. Ventry six weeks after Defendants' depositions concluded. In light of this standard practice, which Plaintiff's attorney claims he has been following for thirty years, Mr. Zuckerman argues that the costs incurred by the Defendants in obtaining copies of these deposition were, therefore, not "necessarily incurred in the case" and should not be taxed as costs.

Although Plaintiff makes numerous references to this "standard practice" he has provided no evidence that an agreement was in place between the parties to exchange deposition transcripts or that Plaintiff offered to provide Defendants with copies of the transcripts prior to when Defendants ordered the copies. In addition, Ms. Ventry notes that her standard practice for the past sixteen years has been to order deposition transcripts for witnesses produced by her client, unless there is an express agreement to exchange copies. Both parties admit that this was a very contentious litigation and Ms. Ventry argues that it was quite consistent with the nature of the litigation that Plaintiff made no offer to provide copies of the depositions to the Defendants.

Because Plaintiff's attorney has provided no evidence that Ms. Ventry was aware of his "standard practice" nor has he provided any evidence of an agreement between the parties to exchange copies of transcripts, the Court finds that Plaintiff has not met his burden of showing that costs should not be imposed. Therefore, these costs were properly taxed against Plaintiff.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to review the costs taxed against him is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
       March 22, 2007

                                              /s/
                                         SANDRA L. TOWNES
                                         United States District Judge